# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9223 | **DATE** | 12/7/2012 |
| **CASE TITLE** | Lester Dobbey (R-16237) vs. Dr. Imhotep Carter et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $28.50 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall issue summonses for Defendants Dr. Imhotep Carter and Nurse Delores Trevino. All other Defendants are dismissed.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Lester Dobbey, an inmate at the Stateville Correctional Center, has brought another *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The current case asserts claims against Dr. Imhotep Carter, Nurse Delores Trevino, Grievance Officer Anna McBee, Warden Marcus Hardy, and Administrative Review Board ("ARB") Member Gina Allen. Plaintiff alleges that, in August 2011, he was experiencing pain and swelling in his knees. In September 2011, Plaintiff twice saw a physician's assistant, who noted Plaintiff's complaints about his knees, referred him for x-rays, and prescribed an analgesic balm and Tylenol. Plaintiff saw Dr. Carter on October 7, 2011, at which time Dr. Carter offered a steroid injection for one knee, as well as a knee sleeve. On October 27, 2011, Plaintiff returned to Dr. Carter and received a knee sleeve, a steroid injection in his left knee, and a follow-up appointment for three weeks later. When the follow-up exam did not occur as scheduled, Plaintiff filed a grievance. Plaintiff alleges that his left knee was worse after the injection, and he wrote at least 10 medical request slips to see Dr. Carter.

According to Plaintiff, on January 5, 2012, Nurse Trevino responded to his November 2011 grievance by simply noting "condition ongoing." Plaintiff states that Trevino neither examined him nor set up another appointment for him. Grievance Officer McBee noted Nurse Trevino's response to the grievance but did not follow up to make sure that Plaintiff was scheduled for another appointment. Warden Hardy, like McBee, relied on Nurse Trevino's answer to the grievance and affirmed its denial. Hardy also denied an emergency grievance for treatment to Plaintiff's knees as not an emergency. ARB Member Allen is also alleged to have denied Plaintiff's grievances without following up to see whether he was receiving treatment for his ongoing knee problems. On March 20, 2012, Dr. Carter diagnosed Plaintiff as suffering with degenerative joint disease and tendinitis and prescribed 500 mg naproxen for the condition. Plaintiff states that his "knee pains went into remission" at that time. (Compl. at ¶ 41.)

Plaintiff's seeks to proceed *in forma pauperis*. His motion is granted and, pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $28.50. The trust fund officer at Stateville is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly

payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust fund officer at Stateville shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Under 28 U.S.C. § 1915A, a court is required to conduct an initial review of the complaint and dismiss it, or any claims therein, if the complaint or claim is frivolous, malicious, fails to state a claim upon which this Court can grant relief, or seeks monetary damages against a party immune from such relief. In this case, assuming the allegations of the complaint are true, Plaintiff has stated claims against Dr. Carter and Nurse Trevino, see *Langston v. Peters*, 100 F.3d 1235, 1241 (7th Cir. 1996) ("[A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need."); however, Plaintiff's allegations do not state claims against Grievance Officer McBee, Warden Hardy, or ARB Member Allen. See *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (not every person who knows of a constitutional violation is liable; prison grievance officers, wardens, and IDOC officials "are entitled to relegate to the prison's medical staff the provision of good medical care"). The grievance response from Nurse Trevino (attached to the complaint) indicates that the prison's medical department was addressing Plaintiff's knee issues. (Compl. Exh. K and L.) The reliance on this response by McBee, Hardy, and Allen cannot constitute deliberate indifference. Accordingly, the clerk shall issue summonses for Dr. Carter and Nurse Trevino, but all other Defendants are dismissed.

The United States Marshals Service is appointed to serve Defendants Dr. Imhotep Carter and Nurse Delores Trevino. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants. Plaintiff's failure to return those forms may result in the dismissal of unserved Defendants. If the Defendants are no longer associated with Stateville, officials there or with Wexford Health Sources shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service, or for proof of service, and any documentation of addresses shall not be kept in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waiver of service to Defendants as prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. Also, he must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also ensure that all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.