# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9223 | **DATE** | 4/17/2013 |
| **CASE TITLE** | Lester Dobbey (R-16237) vs. Dr. Imhotep Carter, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motions to waive the filing of a reply to Plaintiff's complaint, [10], [17], are denied. The court directs Defendants to answer the complaint or otherwise plead, with the exception of pleading a waiver under 42 U.S.C. § 1997e(g), within 28 days of the date of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

In its December 7, 2012, order, this Court determined that Plaintiff Lester Dobbey had stated claims against Dr. Imhotep Carter and Nurse Trevino. The Court allowed the complaint to proceed against these Defendants but dismissed the other Defendants, against whom Plaintiff had not stated valid claims. Dr. Carter and Trevino waived service of the complaint in January 2013. They now seek, in separate motions, to waive responding to the complaint pursuant to 42 U.S.C. § 1997e(g) and file a pleading that only asserts affirmative defenses to the complaint. Section 1997e(g) provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

This Court's December 7, 2012 order conducted a preliminary review pursuant to 28 U.S.C. § 1915A and, as noted above, determined that Plaintiff had stated valid claims against Dr. Carter and Trevino. The preliminary review order further directed that summonses issue for service of the complaint on them. The Court's summons form states that a defendant is "required to serve upon PLAINTIFF'S ATTORNEY [or the plaintiff if proceeding pro se] an answer to the complaint." *See* Summons in Civil Action Form, available at http://www.ilnd.uscourts.gov/home/PUBLIC/Forms/ao440.pdf. Though the December 7, 2012, order neither specifically stated that Plaintiff "has a reasonable opportunity to prevail" nor expressly directed Dr. Carter and Trevino to respond to the complaint, the order and the issuance of summonses should constitute a § 1997e(g)(2) request. To the extent that the December 7, 2012, order and issuance of summonses did not amount to a § 1997e(g)(2) request, the Court now makes such a request and directs Dr. Carter to answer the complaint.

The Court notes that several district courts include in their preliminary review orders language specifically finding

a reasonable opportunity to prevail and directing defendants to respond. See, *e.g.*, *Brown v. Gore*, No. 12-cv-1038, 2012 WL 3637279, at *4 (S.D. Cal. Aug. 21, 2012)("once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a 'reasonable opportunity to prevail on the merits,' the defendant is required to respond"); *Dunsmore v. Montana*, No. 10-00004-H-DWM-RKS, 2010 WL 2360521, at *4 (D. Mont. Apr. 15, 2010) (same). Other courts include language specifically directing defendants to "file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." *E.g.*, *Dabbs v. Fenoglio*, No. 13-cv-00212-MJR, 2013 WL 1192775, *4 (S.D. Ill. Mar. 22, 2013) (Reagan, J.).

As a judge of this district persuasively has opined, § 1997e(g)'s waiver provision was intended to avoid an unnecessary answer while a court conducts its preliminary review of the complaint. *Boclair v. Hardy*, No. 11 C 5217, 2013 WL 427123, at *2 (N.D. Ill. Feb. 1, 2013). The Supreme Court has stated that §1997e(g)'s allowance of a waiver of a reply "shows that when Congress meant to depart from the usual procedural requirements, it did so expressly." *Jones v. Bock*, 549 U.S. 199, 216 (2007). The usual procedure with civil cases is that a plaintiff himself serves a complaint to which a defendant must respond, without the court conducting an initial screening or ordering a Marshal to serve the complaint. *See* Fed. R. Civ. P. 4(a) and 12(a)(1); *see also Jones*, 549 U.S. at 213-14 ("unlike in the typical civil case [where there is no initial screening], defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court"). Assuming that the purpose of § 1997e(g) was to ensure that a defendant does not respond to a prisoner complaint until an initial § 1915A screening has been conducted, that purpose has been achieved in this case.

Contrary to Defendants' requests simply to waive filing a reply to the complaint, § 1997e(g) does not allow a defendant to avoid responding to allegations in a prisoner's complaint altogether once claims have survived initial screening. Without a reply, "[n]o relief shall be granted to the plaintiff." § 1997e(g)(1); *Boclair*, 2013 WL 427123 at *3. The Court acknowledges that complaints from inmates may be constructed in a manner that renders them difficult to answer. Nonetheless, Defendants must respond. They may do so by entering a general denial if needed, *see* Fed. R. Civ. P. 8(b)(3), but they still must respond. In this case, Plaintiff's complaint sets out his allegations in short numbered paragraphs that should provide no obstacle to responding.

Accordingly, Defendants' motions to waive filing a response to the complaint are denied, and the court directs them to answer the complaint or otherwise plead within 28 days of the date of this order.