36792/01245/MHW/TRB

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LESTER DOBBEY,<br><br>        Plaintiff,<br><br>v.<br><br>IMHOTEP CARTER, M.D. and DELORES TREVINO,<br><br>        Defendants. | No. 2012 CV 9223<br><br>Judge Robert Dow Jr.<br><br>Magistrate Judge Mary Rowland |

## **MOTION FOR SUMMARY JUDGMENT**

Defendant, IMHOTEP CARTER, M.D., by his attorneys, Matthew H. Weller and Todd R. Burgett of CASSIDAY SCHADE LLP, as more fully set forth in his supporting memorandum, states the following in support of his motion for summary judgment:

1. Plaintiff brings this action against Dr. Carter alleging he experienced left knee pain and swelling caused by a steroidal injection the doctor administered on October 27, 2011. Plaintiff further claims that the pain and swelling in his knee was present from the October 2011 visit until March 20, 2012. However, Plaintiff admits that his alleged left knee condition inexplicably, and without ever being definitively diagnosed, resolved on its own without further medical attention, sometime on or about his March 20, 2012 visit with Dr. Carter.

2. Plaintiff's action should be barred because he failed to exhaust all available administrative remedies by filing this action before the Illinois Department of Corrections' ("IDOC") Administrative Review Board ("ARB") responded to his November 25, 2011 grievance. Plaintiff's November 25, 2011 grievance is the only grievance Plaintiff filed that relates to the allegations in his complaint, which alleges Dr. Carter failed to provide adequate

follow-up treatment after performing a steroid injection on October 27, 2011. *Id.* at ¶¶ 14, 22. Plaintiff filed his complaint on **November 16, 2012**. *Id.* at ¶ 22. However, the ARB did not respond to Plaintiff's November 27, 2011 grievance until **April 11, 2012**, nearly five (5) months after Plaintiff filed his complaint. *Id.* at ¶¶ 20, 22. Because exhaustion of administrative remedies is a precondition to filing suit under §1983, and because Plaintiff has failed to properly exhaust by filing this action before the ARB responded to his grievance, Dr. Carter is entitled to judgment in his favor as a matter of law.

3. To prove deliberate indifference against an individual, Plaintiff was required to produce evidence sufficient to show: (1) the existence of a serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). In this case, Plaintiff has failed to produce any evidence sufficient to show that he suffered from an objectively serious medical condition or that Dr. Carter was deliberately indifferent toward Plaintiff's purported left knee pain.

4. Though the evidentiary hurdle Plaintiff faces in creating a question of fact regarding the objective seriousness of his alleged condition is not as high as other elements of his deliberate indifference claim, he has produced no evidence showing that the left knee pain he claims to have suffered between October 27, 2011 and March 20, 2012 was objectively serious in nature. While an inmate's subjective complaints of pain may be the only evidence of an underlying serious medical condition, there is no evidence that Plaintiff ever complained of any adverse reaction to the October 27, 2011 steroid injection. Instead, the only evidence in this case shows that he

complained of continued bilateral knee pain and that he had not received a planned follow-up visit for a right knee steroid injection. Because Plaintiff has failed to produce any evidence that he even complained of his alleged left knee condition, this Court should grant summary judgment in favor of Dr. Carter because Plaintiff has failed to produce any evidence showing that he suffered from an objectively serious medical condition.

5. To survive summary judgment, Plaintiff had to produce evidence sufficient to show that Dr. Carter's treatment of his alleged knee condition fell below that of a minimally competent medical professional. Medical professionals are presumed to have based their treatment on their medical judgment and "entitled to deference in treatment decisions unless no minimally competent medical professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). There is no evidence that any of the treatment Dr. Carter provided Plaintiff for his alleged left knee condition remotely resembles the kind of repugnant behavior required to impose liability for deliberate indifference. In fact, Plaintiff has failed to produce any evidence sufficient to show that Dr. Carter violated any standard of care during the course of Plaintiff's treatment, or that the doctor's treatment of Plaintiff was so plainly inappropriate that a jury could reasonably infer Dr. Carter's treatment of Plaintiff's condition was not based on his medical judgment.

6. Not only has plaintiff failed to produce evidence sufficient to overcome the presumption that Dr. Carter based his treatment decisions on his medical judgment, but Plaintiff has failed to establish that Dr. Carter actually knew that Plaintiff needed treatment for a serious medical need or risk but nevertheless deliberately or recklessly withheld that treatment. See *Sellers*, 41 F.3d at 1102. Therefore, Plaintiff cannot prove that Dr. Carter knowingly or even negligently failed to treat Plaintiff for any complaints related to his knees. Without evidence that

Dr. Carter was aware of Plaintiff's alleged symptoms of knee pain, or that he perceived a risk related to the course of Plaintiff's treatment for knee pain, there is no material issue of fact left for a jury to decide in this matter and Dr. Carter is entitled to judgment in his favor as a matter of law.

7. It is well established that a plaintiff who complains that a delay in medical treatment rose to a constitutional violation must show "substantial harm" as a result of the delay. *Thomas v. Walton*, 461 F. Supp. 2d 786, 794-5 (S.D. Ill. 2006) (*Citing De La Paz v. Danzl,* 646 F. Supp. 914, 922 (N.D. Ill. 1986). To prove substantial harm, the plaintiff must place verifying medical evidence in the record to establish that the alleged delay (rather than the inmate's underlying condition) harmed the plaintiff. See *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996). None of the medical records in this case or even Plaintiff's grievances sufficiently evidence that Plaintiff suffered any additional pain or was otherwise injured by the October 27, 2011 steroid injection. Therefore, Dr. Carter is entitled to judgment in his favor as a matter of law.

WHEREFORE, the Defendant, IMHOTEP CARTER, M.D., respectfully requests that this Honorable Court grant summary judgment in his favor, and any other relief consistent with his motion deemed equitable and just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s Todd R. Burgett
One of the Attorneys for Defendant, IMHOTEP CARTER, M.D.

**Matthew H. Weller, Esq./ARDC No. 6278685**
**Todd R. Burgett, Esq./ARDC No. 6302976**
**CASSIDAY SCHADE LLP**
**20 North Wacker Drive**
**Suite 1000**
**Chicago, Illinois  60606**
**(312) 641-3100**
**(312) 444-1669 (Fax)**

7995859 TBURGETT;TBURGETT